IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DE-ERIC COOPER,           § | | |
|     Plaintiff,       § | | |
| v.                        § | | Civil Action No. 3:22-CV-0521-K-BH |
|                     § | | |
| NATIONAL CREDIT ADJUSTERS, LLC, § | | |
|     Defendant.      § | | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *Defendant National Credit Adjusters, LLC.'s Motion to Dismiss Pursuant to FRCP 12(b)(1) and Motion for Judgment on the Pleadings*, filed June 6, 2022 (doc. 13). Based on the relevant filings and applicable law, the motion to dismiss for lack of subject matter jurisdiction should be **GRANTED**, and the motion for judgment on the pleadings should be **DENIED AS MOOT**.

### I.  BACKGROUND

On March 4, 2022, De-Eric Cooper (Plaintiff) sued National Credit Adjusters, LLC (Defendant) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA). (doc. 3.) He contends that on or about November 3, 2021, Ta'Daria Lee (Third Party) reviewed her credit report and observed a trade line from Defendant for $451 allegedly owed to "Speedy Cash." (*Id.* at 3.)[2] She disputed the debt via mail on December 14, 2021, and Defendant responded by letter dated February 17, 2022. (*Id.*) When she checked her credit reports on March

---

[1] By *Special Order 3-251*, this *pro se* case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

4, 2022, she found that Defendant had not reported the dispute. (*Id.* at 3.) This materially lowered her credit score, which severely damaged her personal and credit reputation and caused her severe humiliation, emotional distress and mental anguish. (*Id.* at 3-4.) Plaintiff alleges Defendant violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to disclose to consumer reporting agencies that the debt was under dispute. (*Id.* at 4.) Third Party allegedly assigned "100 percent of these claim(s)" to Plaintiff. (*Id.* at 2.) He seeks actual damages, statutory damages and costs under 15 U.S.C. § 1692k(a)(1), § 1692k(2)(A), and § 1692k(3), respectively. (*Id.* at 1, 4-5.)

On June 6, 2022, Defendant moved to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (doc. 13.) Plaintiff did not respond.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12

motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.* Facial attacks are usually made early in the proceedings. *Id.* Regardless, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Defendant's motion to dismiss relies solely on Plaintiff's original complaint. (*See* doc. 14.) The motion therefore presents a facial attack that does not require the resolution of factual matters outside of the pleadings. *See Williamson*, 645 F.2d at 412-13.

### III. STANDING

Defendant argues that Plaintiff lacks standing to pursue claims based on alleged harm to Third Party. (doc. 14.)

3

Under the United States Constitution, the "judicial Power of the United States" extends only to "Cases" and "Controversies." U.S. CONST. Art. III. §§ 1-2; *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980)("Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"). "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976) (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Like other jurisdictional requirements, this requirement is "not subject to waiver," *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996), and the Supreme Court "insist[s] on strict compliance" with it, *Raines*, 521 U.S. at 819. Courts must decide issues of standing before all other issues because it "determines the court's fundamental power even to hear the suit." *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002).

To establish standing, "[the] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements[, and when] a case is at the pleading stage, the plaintiff must 'clearly... allege facts demonstrating' each element." *Id.* (citations omitted); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998) ("The triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy

4

requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."). "[I]f the plaintiff does not carry his burden clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute, then dismissal for lack of standing is appropriate." *Hotze v. Burwell*, 784 F.3d 984, 933 (5th Cir. 2015) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Injury in fact is "the '[f]irst and foremost' of standing's three elements." *Spokeo*, 136 S. Ct. at 1547 (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560) (quotations omitted). A "particularized" injury "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. A "concrete" injury actually exists, which means it is real and not abstract. *Id.* (citing Black's Law Dictionary 479 (9th ed. 2009)).

Here, Plaintiff does not allege facts to show he suffered a particularized injury that affects him in a personal and individual way. Rather, he alleges that Third Party suffered a particularized injury that gives rise to an FDCPA claim against Defendant, i.e., that her credit score was lowered because Defendant did not list her debt as disputed, and that she assigned 100 percent of her FDCPA claim to him. Although Plaintiff attaches a document purporting to be an assignment, the document is unsigned. Nevertheless, his allegation that Third Party assigned her FDCPA claim to him is presumed to be true for purposes of Defendant's facial attack on his complaint. *See Paterson*, 644 F.2d at 523.

Neither the United Supreme Court nor the United States Court of Appeals for the Fifth

Circuit appears to have addressed whether the FDCPA claim asserted by Plaintiff in this case may be assigned. District courts which have recently considered this issue have noted that the FDCPA does not expressly permit assignment, and that it specifically provides for recovery of damages by the person who is a victim of an FDCPA violation. *See Lottie v. Midland Credit Management, Inc.*, No. CIV-21-1171-PRW, 2022 WL 2286768, at *2 (W.D. Okla. June 23, 2022); *James v. Puget Sound Collections*, No. 22-5237 RJB, 2022 WL 2357050, at *2–3 (W.D. Wash. June 30, 2022). For this reason, they have looked to state law to determine assignability of a claim under that statute. *See Jones v. Credit Control Corp.*, No. 4:22cv5, 2022 WL 3924215, at *2–4 (E.D. Va. Aug. 29, 2022) (finding that FDCPA claim was not assignable under Virginia law, which only permitted assignment of causes of action for damage to real or personal property and contract claims); *Lottie*, 2022 WL 2286768, at *2 (turning to state law for guidance "[g]iven th[e] silence from the federal regime", and finding that an FDCPA claim could not be assigned because Oklahoma prohibits assignment of claims not arising out of a contract); *James*, 2022 WL 2357050, at *2–3 (finding that Washington law required "specific statutory authorization" for assignment of a claim, including one under the FDCPA, and that the plaintiff had failed to identify such authorization).

Resort to state law is likewise appropriate in this case. "There is no federal law of assignments, and the Fifth Circuit has held that the validity of a particular assignment of a federal cause of action is governed by the state law that the appropriate conflict of laws principles dictate should control the contract" of assignment. *Nicolls Pointing Coulson, Ltd. v. Transportation Underwriters of Louisiana, Inc.*, 777 F. Supp. 493, 496 (E.D. La.1991) (citing *Martin v. Morgan Drive Away, Inc.*, 665 F.2d 598 (5th Cir.1982). In *Martin*, the Fifth Circuit looked to state law to

6

determine whether assignment of a federal antitrust claim, which was not precluded by federal law, was void under state law champerty doctrines. *See* 665 F. 2d at 604 (citing *Sampliner v. Motion Picture Patents Co.*, 255 F. 244 (2d Cir.1918), *rev'd on other grounds*, 254 U.S. 233 (1920) (finding Sherman Act claim assignable but applying Ohio law to decide whether the assignment was invalid for champerty)). "In doing so, the court distinguished between the federal nature of the claims and the law governing the form of the assignment of the claims." *In re East Cameron Partners, L.P.*, No. 2011 WL 4625368, at *2–3 (Bankr. W.D. La. June 23, 2011) (discussing *Martin*). In contrast to the federal antitrust claim in *Martin*, however, no court appears to have found that an FDCPA claim is assignable under federal law.

Although the Texas Supreme Court does not appear to have specifically addressed the assignability of claims under the Texas Fair Debt Collection Practices Act, it has considered the assignability of claims under another consumer protection law, the Texas Deceptive Trade Practices Act (TDTPA). *See PGG Indus. v. JMB/Houston Ctrs. Ltd. P'ship*, 146 S.W.3d 79 (Tex. 2004). In that case, it observed generally that:

> With respect to the assignment of claims, we have recognized the collapse of the common-law rule that generally prohibited such assignments. But the assignability of most claims does not mean all are assignable; exceptions may be required due to equity and public policy. Courts addressing assignability have often distinguished between claims that are property-based and remedial and claims that are personal and punitive, holding that the former are assignable and the latter are not.

*PGG Indus.*, 146 S.W.3d at 87 (cleaned up). TDTPA claims, it found, "clearly fall in the latter category." *Id.* It also found that the permitting assignment of those claims to a non-consumer was inconsistent with the purpose of the statutory cause of action. *See id.* at 92; *see also Southwestern Bell Telephone Co. v. Marketing on Hold Inc.*, 308 S.W.3d 909, 916–17 (Tex. 2010) (citing *PPG*

*Indus.*, 146 S.W.3d at 92, as an example of an assignment invalidated as inconsistent with statutory purpose); *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 961–62 (E.D. Tex. 2011) (noting that the Texas Supreme Court has held that DTPA claims generally cannot be assigned because it would defeat the primary purposes of the statute, which is to encourage individual consumers to bring the claims themselves). This reasoning is equally applicable to the FDCPA claim that Plaintiff asserts. There appears to be no basis for finding that assignment of this consumer claim is consistent with, or would be permitted by, Texas law. Accordingly, the purported assignment of Third Party's FDCPA claim to Plaintiff is invalid under Texas law.

Because the purported assignment of the FDCPA claim is invalid, Plaintiff cannot show an injury in fact for purposes of standing to bring this action. District courts in other circuits which have considered the assignability of FDCPA claims under state law have uniformly reached the same result. *See Jones,* 2022 WL 3924215, at *2–4 (finding that a plaintiff who "ha[d] been assigned 100 percent" of another's FDCPA claim lacked standing because the assignment was invalid under state law) (collecting cases); *Dotson v. Transworld Sys.*, No. CIV-22-29, 2022 WL 2655785 (W.D. Okla. July 8, 2022) (same); *Lottie*, 2022 WL 2286768, at *2 (noting that on at least three separate occasions, judges in that district had examined the precise issue and concluded that the attempted assignment of FDCPA claims to the same plaintiff was barred by state law, and he had no standing to prosecute those claims against credit collectors); *James*, 2022 WL 2357050, at *2–3 (finding that the plaintiff failed to show that he had standing under the FDCPA or that the assignment was valid under state law).

This is also the same conclusion reached under substantially similar facts by the Eastern District of Texas, although it did not expressly consider the applicability of Texas law. In *Young*

*v. Portfolio Recovery Associates, LLC*, No. 6:22-cv-00081-JCB-JDL, 2022 WL 2163821, *2 (E.D. Tex. May 20, 2022), *rec. adopted*, 2022 WL 2161027 (E.D. June 15, 2022), the plaintiff also sued under the FDCPA based on the alleged lowering of another person's credit score due to the defendant's failure to list that person's debt as disputed, alleging that the claim had been assigned to him. Noting a lack of authority allowing assignment of the FDCPA claim, the Eastern District found that the plaintiff had failed to allege an injury suffered by him or any basis that would give him standing to bring the claim as alleged. *See id.* As in *Young*, Plaintiff has likewise alleged no other basis that would support standing.

In conclusion, Plaintiff has failed to satisfy the requirements for Article III standing to bring this action under the FDCPA, and subject matter jurisdiction is lacking.[3]

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Thomas v. Texas*, No. 3:17-CV-0348-N-BH, 2017 WL 11496979, at *2 (N.D. Tex. May 19, 2017). A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See id.* Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after

---

[3] Because Plaintiff has not shown that he has standing to sue under the FDCPA, it is unnecessary to reach Defendant's alternative ground for dismissal, i.e., that the assignment would constitute or abet the unauthorized practice of law. (*See* doc. 14 at 8-9.) Defendant's alternative motion for judgment on the pleadings is moot.

being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez*, 66 F.3d at 97. Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff failed to respond to the motion to dismiss despite being specifically invited to do so. In addition, he has alleged his best case because the alleged assignment upon which this action is based is not valid, and he has alleged no other basis that would support a finding that he has standing to sue under the FDCPA. No further opportunity to amend is warranted.

## V. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and Plaintiff's complaint should be **DISMISSED** without prejudice for lack of subject matter jurisdiction. The alternative motion for judgment on the pleadings should be **DENIED AS MOOT**.

**SO RECOMMENDED** on this 28th day of November, 2022.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE